

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Leslie D. Williams
District Attorney
Washington County
Brenham, Texas

Dear Sir:

Opinion No. O-7406
Re: Whether the Chief of Police
can be employed by the City
of Brenham under a contract
that pays him a fixed salary
per month, plus such fees as
he may earn in criminal cases?

Your letter of August 29, 1946, to the Attorney General
has been referred to me for further answer. You write:

"In response to my request for an opinion
based on facts embodied in a letter of mine,
dated July 15, 1946, you rendered and mailed
to me Opinion No. O-7298, regarding whether the
Chief of Police of the City of Brenham, Texas,
is entitled to collect the fees provided under
Article 1065, Code of Criminal Procedure, and
especially under Section 5 thereof.

"Referring to said opinion, would it make
any difference in the applicability of the
opinion, as rendered, that the Chief of Police
is employed by the City of Brenham under a con-
tract that pays to him a fixed salary per month,
plus such fees as he may earn in criminal cases?

"The reason for asking this is that in my
statement of facts, I made the following state-
ment:

"The Sheriff's department of Washington
County is operating under the salary bill, and
the Sheriff and his deputies are paid out of the
salary fund of the county. The constable of the
county and other peace officers, which includes
city marshals and police officers of the City of

Brenham, are not under the salary bill and of
the County, but depend upon the fees of office
for their compensation in executing criminal
process.

"In my opinion, I feel that it does not; and
that your Department was cognizant of the fact
that all city police are as a rule on a salary,
but desire your opinion in response to the ques-
tion contained in paragraph two above."

In reply to your original inquiry of July 15, 1946, we
advised you, in our Opinion No. O-7293, that in the cases filed
by the Chief of Police of Brenham in the Justice Court of Pre-
cinct No. 3, Washington County, Texas, he would be entitled to
collect the fee of $1.00 "for each commitment or release," pro-
vided under Art. 1065, Code of Criminal Procedure, especially
under Section 5 thereof, where the work performed for the fee
is actually performed by the Chief of Police.

This opinion was premised on your statement that "the
constable of the county and other peace officers, which includes
City Marshals and police officers of the City of Brenham, are
not under the salary bill and of the County, but depend upon the
fees of office for their compensation in executing criminal pro-
cess."

You now ask, whether it makes any difference in the ap-
plicability of our Opinion, as rendered, if the Chief of Police
is employed by the City of Brenham under a contract that pays
him a fixed salary per month, plus such fees as he may earn in
criminal cases?

In October, 1941, in response to the request of the
District Attorney of Edinburg, Texas, this Department wrote its
Opinion No. O-3791; and since some of the questions therein dis-
cussed are closely akin to the inquiries you have made, we adopt,
as our supplementary opinion in this instance, those portions
which bear directly on your recent letter of August 23, 1946, to-
wit:

"Question No. 3. Does the fact that such officer
(Chief of Police) is paid a salary by the City,
affect his right to receive fees?

"Question No. 4. Is it proper for such officer
(Chief of Police) to pay the fees he receives
into the Treasury of the City that employs him?

"* * * * * *

Honorable Leslie D. Williams - page 3.

"Home rule cities are expressly given the author-
ity to fix the compensation of their officers. Art.
1175, R.S. The city could, therefore, pay the Chief
of Police a salary only, or a salary and in addition,
permit him to retain part of all of the statutory fees,
or he could be paid strictly on a fee basis.

"While the fact that such officer is paid a salary
by the City, as stated in your question, would not af-
fect his right to receive the statutory fees provided
for the services rendered by him, it might affect his
right to retain such fees for himself.

"In answer to your third question, it is, there-
fore, the opinion of this Department, under the facts
stated, that such officer is not prohibited from re-
ceiving the statutory fees for the services rendered by
him. Whether such officer may keep such fees for his
own use as a part of his compensation, however, is a
question which depends on the terms of the ordinance or
agreement fixing his compensation. As we have not been
advised as to the exact nature of the terms of his com-
pensation, we are unable to pass upon that specific
point.

"However, in your third question , you state that
such officer is paid a salary by the City. If the or-
dinance fixing his compensation provides merely that he
shall be paid a salary and does not expressly authorize
him to retain, in addition thereto, any fees as part of
his compensation, then, we are of the opinion that he
would not be entitled to retain such fees as part of
his compensation, but should pay them into the City
Treasury.

"Statutes prescribing fees for public officers are
strictly construed, and hence a right to fees may not
rest in implication. Where this right is left to con-
struction, the language of the law must be construed in
favor of the government. Where a statute is capable of
two constructions, one of which would give an officer
compensation for his services in addition to his salary
and the other not, the latter construction should be
adopted. 34 Texas Jurisprudence, pages 503, 509.

"In answer to your fourth question, it is, there-
fore, the opinion of this Department, under the facts

stated, that unless the city ordinance or agreement fixing the compensation of such City Marshal expressly and clearly authorizes him to retain such fees as part of his compensation, it would not only be proper for him to pay his fees into the City Treasury, but he would be subject to criminal prosecution if he applied such fees to his own use." (Sec Art. 95, Penal Code.)

In view of the foregoing expressions on the subject and of our former Opinion to you on August 3, 1946, we submit that it would not make any difference in the applicability of our former opinion that the Chief of Police is employed by the City of Brenham under a contract that pays him a fixed salary per month, plus such fees as he may earn in criminal cases.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

John L. Wroe
Assistant

JLW-v


APPROVED
OPINION
COMMITTEE
BY BWTS